UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

    **Plaintiff,**

v.                                                                      Case No. 14-CV-667

NEVIN WEBSTER, LINDA KOELLER,
WILLIAM POLLARD, FRANCIS PALIEKARA,
CORRECTIONAL OFFICER KROLL,
LT. WENZEL, and NIKKI KAMPHUIS,

    **Defendants.**

## SCREENING ORDER

    The plaintiff, Joshua Howard, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He filed an amended complaint July 2, 2014. This matter comes before the Court on Howard's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $3.28.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, Howard is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for Howard to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, the Court should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Howard's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Amended Complaint Allegations

Howard is incarcerated at Waupun Correctional Institution (WCI). The defendants, who are all employed at WCI, are Librarian Nevin Webster, Correctional Officer Linda Koeller, Warden William Pollard, Chaplain Francis Paliekara, Correctional Officer Kroll, Lieutenant Wenzel, Business Officer Supervisor Nikki Kamphuis.

Howard sets forth seven claims. First, he alleges that in December 2008 and January 2009, Webster displayed a painting in the library which depicted the birth of Jesus Christ in a manger under the star of Bethlehem. The painting was placed on a column underneath where WCI memorandums and bulletins were posted. Howard claims that this violated the Establishment Clause of the First Amendment.

Second, Howard alleges that in July 2010, WCI staff members distributed a bag to inmates containing hygiene products as well as a letter and a book from "Hand of Hope," which is affiliated with Joyce Meyer Ministries. The literature promoted Christianity and contained several quotes from the Bible. Howard claims that by organizing and implementing a religious charity offering, Warden Pollard violated the Establishment Clause of the First Amendment.

Third, Howard alleges that WCI has a television channel which displays, among other information pertinent to inmates, announcements, open job assignments, and the weekly menu. The audio for the channel is set to a local radio station so that music is played while the inmate watches the information scroll. In June 2011, WCI staff programmed the institutional channel to a Christian radio station so that inmates heard sermons when tuned into the channel. Howard claims that by programming the institutional channel to broadcast a Christian-based radio station, Warden Pollard violated the Establishment Clause to the First Amendment.

Fourth, Howard alleges that he is a Therevadan Buddhist and that Chaplain Paliekara did not permit him to possess a necklace with an emblem of Buddha while inmates who practice other religions are permitted to possess religious symbols, including necklaces. Howard claims that Chaplain Paliekara implemented a policy to not permit the Buddhist necklace in violation of the free exercise clause of the First Amendment and the equal protection clause of the Fourteenth Amendment.

Fifth, Howard alleges that Koeller issued him a false conduct report and that Webster agreed to support the fabrication in retaliation for Howard assisting inmates file lawsuits against staff members. Howard claims that Koeller and Webster retaliated against him in violation of the First Amendment right. Sixth, Howard claims that Koeller's conduct in retaliating against him was extreme and outrageous, causing Howard intentional infliction of emotional distress in violation of Wisconsin state law.

Seventh, Howard alleges that the defendants violated his rights under the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794, by (1) failing to accommodate his disability, chronic back injury, by issuing an indefinite restriction; (2) discriminating against him by requiring him to work at food service contrary to the policy and practice of not employing inmates with a light-duty restriction; (3) discriminating against

him by paying him less than inmates doing the same work because he had light-duty restriction; and (4) falsely claiming he refused a job assignment after he showed a record of his previous discharge and stated that he was still impaired by his back injury.

Howard seeks declaratory relief and monetary damages. I find that Howard may proceed on his claims under federal law. In addition, I will exercise supplemental jurisdiction over his state law claim. *See* 28 U.S.C. § 1367(a).

## ORDER

**IT IS THEREFORE ORDERED** that Howard's motion for leave to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Howard's amended complaint (Docket # 6) and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Howard's prison trust account the $346.72 balance of the filing fee by collecting monthly payments from Howard's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Howard shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if Howard is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Howard is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 12th day of August, 2014.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge