# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

    Plaintiff,

    v.                                     Case No. 14-CV-667

NEVIN WEBSTER, LINDA KOELLER,
WILLIAM POLLARD, FRANCIS PALIEKARA,
CORRECTIONAL OFFICE II KROLL,
LT. WENZEL, NIKKI KAMPHUIS,
TONY MELI, and CAPTAIN DAVID O'DONOVAN,

    Defendants.

## ORDER

On August 12, 2014, I screened the first amended complaint under 28 U.S.C. § 1915A and identified seven claims upon which the plaintiff could proceed. The defendants subsequently filed a motion to dismiss or sever claims for improper joinder. This motion is not yet fully briefed. However, on October 15, 2014, the plaintiff filed a second amended complaint related to his retaliation and state law claims against defendants Webster, Koeller, Pollard, Meli, and O'Donovan, adding a failure to protect claim against Koeller, a due process claim against Pollard and Meli, and an equal protection claim against Pollard, Meli, and O'Donovan. Two days later, on October 17, 2014, the plaintiff filed a letter requesting dismissal of the claims against Pollard and Meli.[1]

The second amended complaint is limited to the allegations from Claims 5 and 6 of the first amended complaint. The defendants' motion to dismiss or sever acknowledges that

---

[1] By this letter, the plaintiff also requests that his October 15, 2014, motion for preliminary injunction be withdrawn.

these claims are properly joined. Due to the fact that the plaintiff has limited his claims on his own, the defendants' motion to dismiss or sever is moot. Likewise, the defendants' motion to stay discovery pending resolution of their motion to dismiss or sever is moot. The plaintiff may proceed on his second amended complaint against defendants Webster, Koeller, and O'Donovan.

That leaves the plaintiff's September 12, 2014, motion for order preventing institution from destroying any over-the-limit legal material and motion for order that any legal materials seized as evidence of an investigation or rule violation be copied and originals returned to him. According to the plaintiff, prison officials have destroyed his relevant legal materials in the past and he requests that the Court step in before this happens again. Federal courts, while most reluctant to interfere with the internal administration of state prisons, nevertheless will intervene to remedy unjustified violations of constitutional rights retained by prisoners. *Williams v. Lane*, 851 F.2d 867, 871 (7th Cir. 1988) (citation omitted). Here, there is no indication that the plaintiff's constitutional rights have been violated with regard to his legal materials. As such, court action is not warranted.

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to dismiss defendants or sever (Docket # 11) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for order (Docket # 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay discovery (Docket # 17) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for preliminary injunction (Docket # 18) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the second amended complaint (Docket # 20) is the operative complaint in this action. The plaintiff may proceed against defendants Nevin Webster, Linda Koeller, and David O'Donovan. The claims against Tony Meli and William Pollard are **WITHDRAWN**; Meli and Pollard are **DISMISSED**.

**IT IS FURTHER ORDERED** that the defendants shall file and answer to the second amended complaint.

Dated at Milwaukee, Wisconsin this 20th day of October, 2014.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge