# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSHUA HOWARD,**

    Plaintiff,

  v.                                                Case No. 14-CV-667

**LYNN KOELLER,**

    Defendant.

## ORDER

Joshua Howard has filed a motion to appoint counsel, ECF No. 97, and a motion for extension of discovery, ECF No. 100. Defendant Koeller has filed a motion for reconsideration of the court's February 13, 2019 order granting Howard's motion to subpoena discovery, ECF No. 99. The court addresses these motions below.

1. *Motion to Appoint Counsel*

Howard has filed a motion to appoint counsel. (ECF No. 97.) He states that he is indigent, he has tried to find an attorney on his own, he does not know how to conduct a jury trial on his own, he has anxiety which will prevent him from effectively litigating without representation, and he needs two expert witnesses who he cannot obtain on his own. Koeller opposes Howard's request for counsel and contends that he is competent to litigate this non-complicated, straight-forward retaliation claim. According to Koeller, Howard has not made a jury demand so there is no need for Howard to litigate in front of a large group, there is no need for expert witnesses, this

case is not complicated, and Howard is very skilled and capable of litigating this case on his own. In his reply, Howard states that he made a jury demand in each of the complaints he filed. He cites to his first amended complaint, ECF No. 6, which does contain a jury demand. However, the second amended complaint, ECF No. 20, which is the operative complaint, does not contain a jury demand.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the plaintiff must make reasonable efforts to hire counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Generally, to show the court that he has tried to find a lawyer on his own, the court requires a plaintiff to contact at least three attorneys, and to provide the court with (1) the attorneys' names, (2) their addresses, (3) the date and the way the plaintiff attempted to contact them, and (4) the attorneys' responses.

After the plaintiff demonstrates that he has made a reasonable attempt to find an attorney on his own, the court will decide "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.* "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there

are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

Howard has made a reasonable attempt to find an attorney on his own and therefore has satisfied the first requirement for appointment of counsel. The parties have different views on what Howard will need to litigate this case at trial (including whether it will be a jury trial or a court trial) and whether he can litigate the trial without an attorney. Regardless of these differing views, the court finds that Howard should have representation as this case proceeds to trial on his retaliation claim and state law intentional infliction of emotional distress claim. Thus, the court will grant Howard's motion to appoint counsel.

2. *Motion for Reconsideration*

Defendant Koeller has filed a motion for reconsideration of the court's February 13, 2019 order granting Howard's motion to subpoena discovery. (ECF No. 99.) In that order, the court directed the United States Marshals Office to serve Howard's subpoenas duces tecum. (ECF No. 96.) The subpoenas contain a production of documents request and interrogatories for non-parties Sergeant Tina Blake and Nevin Webster. (*See* ECF Nos. 94-2, 94-3.) In her motion for reconsideration, Koeller states that, while she does not object to the court issuing subpoenas as to Howard's request to serve Sergeant Blake and Nevin Webster with requests for production of documents, the court should reconsider its decision requiring Blake and Webster to

3

respond to Howard's interrogatories because they are not parties to this case. (ECF No. 99 at 1-2.)

According to Koeller, neither Federal Rule of Civil Procedure 33 (Interrogatories to Parties) or Rule 45 (Subpoena) allow Howard to serve the non-party witnesses with interrogatories. Howard, on the other hand, contends that Koeller's motion for reconsideration is "a poorly disguised motion to quash subpoena for which she does not have standing to make." (ECF No. 101 at 1.) Howard also contends that, even if the court considers the motion, defendant's argument is without merit.

Federal Rule of Civil Procedure 45 permits parties to obtain information from non-parties, but only through testimony at trial or by deposition, or through inspection and copying of documents the non-party is required to produce at trial or deposition. Rule 45 does not allow a party to serve interrogatories upon a non-party. Federal Rule of Civil Procedure 33 governs the service of interrogatories and that rule permits a party to serve interrogatories only on other *parties*. Sergeant Blake and Nevin Webster are not parties, and therefore, cannot be compelled by a Rule 45 subpona to answer Howard's interrogatories.

The court erred when it directed the United States Marshals Service to serve the above-described subpoenas on Blake and Webster. Thus, the court will grant Koeller's motion for reconsideration. The court will mail Howard two subpoena forms along with this order and he may use them to submit revised subpoenas limited to his production of documents requests.

3. *Motion for Extension of Time*

Howard has filed a motion for a thirty-day extension of time to complete discovery. (ECF No. 100.) He also requests permission to serve defendants with up to forty interrogatories to prepare for trial. Koeller did not respond to this motion, and the court will grant it.

**THEREFORE, IT IS ORDERED** that plaintiff Howard's motion to appoint counsel (ECF No. 97) is **GRANTED**. The court will notify the parties when it has recruited a *pro bono* attorney to represent Howard.

**IT IS FURTHER ORDERED** that defendant Koeller's motion for reconsideration (ECF No. 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court's Office mail Howard two blank subpoena forms along with this order.

**IT IS FURTHER ORDERED** that plaintiff's Howard's motion for extension of discovery (ECF No. 100) is **GRANTED**. The deadline for the competition of discovery is extended until thirty days from the date of this order.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2019.

**BY THE COURT:**

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge